CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

February 13, 2020

LETTER TO COUNSEL

      RE:    *James P. v. Commissioner, Social Security Administration*
               Civil No. DLB-17-518

Dear Counsel:

     Theodore A. Melanson, Esq. has filed a request for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with the representation of Plaintiff James P. before the Court. ECF 25. In response, the Commissioner asked the Court to consider whether the requested amount constitutes a reasonable fee. ECF 26. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, the request for attorney's fees is GRANTED IN PART.

     The Court awarded Mr. Melanson a total of $5,000.27 for 25.25 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 21. Plaintiff subsequently received an Award Notice, in which he was awarded $226,789.00 in past due benefits. ECF 25-2 at 2. On December 23, 2019, Mr. Melanson filed a request for attorney's fees, seeking $56,697.25 in attorney's fees (less $6,000 paid in administrative fees), and agreeing to reimburse the EAJA award to Plaintiff. ECF 25; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

     The Act authorizes a reasonable fee for successful representation before the Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

     Here, Mr. Melanson and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Melanson twenty-five percent of all retroactive benefits to which he might become

entitled. ECF 17-3. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Melanson submitted itemized reports documenting 25.25 chargeable hours he worked on Plaintiff's case.[1] ECF 20-7 (listing a total of 26.15 hours, 0.90 of which were spent on clerical and administrative tasks marked "NO CHARGE"). If Mr. Melanson receives the full amount of fees he requests, his fee for representation before the Court will effectively total $2,007.81 per hour. Therefore, Mr. Melanson must show that an effective rate of $2,007.81 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Melanson's requested fee results in over six times his stated hourly billing rate of $300.00, ECF 17-6 ¶ 6, which happens to be the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[2] Although it is customary in Social Security cases for courts to approve significantly higher rates, Mr. Melanson's requested rate exceeds the typical rates awarded by courts in the Fourth Circuit for attorney's fees in successful Social Security appeals, including attorneys with more experience. *See, e.g., Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 U.S. Dist. LEXIS 92832 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160, 2016 U.S. Dist. LEXIS 186022 (D. Md. July 7, 2016) (approving contingency fee agreement with hourly rate of $1,028.14). Hourly rates exceeding $1,000 are the exception, not the rule. The Court acknowledges Mr. Melanson's effective performance and the substantial past-due benefit award to his client, but nonetheless finds that his request for $50,697.25 in fees for 25.25 hours of work would result in a windfall. Instead, this Court finds that an award of $25,250.00, amounting to an hourly rate of $1,000.00 – more than triple the top hourly rate for an attorney of Mr. Melanson's experience, would adequately compensate Mr. Melanson for the time that he spent on this case in this Court. *See Hunter v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, while noting that the requested rate was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

For the reasons set forth herein, this Court GRANTS IN PART the attorney's fee request. ECF 25. This Court will award Mr. Melanson attorney's fees totaling $25,250.00. Mr. Melanson is directed to reimburse to Plaintiff the fees he received pursuant to the EAJA.

---

[1] Paragraph seven of Mr. Melanson's affidavit reads "I spent a total of 18 hours in this case representing Plaintiff before the Federal Court." ECF 17-6 at 2. EAJA fees were calculated based on Mr. Melanson's itemized report showing 25.25, not 18, chargeable hours. *See* ECF 17-1 (motion for EAJA fees "calculated at the rate of $198.03 per hour for 25.25 hours work on this case in federal court"); ECF 18 (stipulation of EAJA fees for $5,000.27). The Commissioner does not challenge Mr. Melanson's statement that he spent 25.25 chargeable hours representing Plaintiff in court. ECF 26 at 2.

[2] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2018). Currently, Mr. Melanson has over five years of experience, ECF 20-6, and the presumptively reasonable hourly rate for attorneys admitted to the bar for five to eight years is between $165.00 and $300.00, Loc. R. App. B (D. Md. 2018).

      Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                          Sincerely yours,

                                                /s/

                                        Deborah L. Boardman
                                        United States Magistrate Judge